IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DALE J. LYNCH          )
                       )
     v.                )    NO. 3:11-0192
                       )
DEPARTMENT OF DEFENSE  )

TO:    Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 7, 2011 (Docket Entry No. 2), this civil action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions, and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff filed this action pro se on March 3, 2011, against the United States Department of Defense seeking two billion dollars in damages based on allegations of gross negligence and "intentional interference with person." See Complaint (Docket Entry No. 1).

The plaintiff was originally notified by the Court in an Order entered April, 26, 2011 (Docket Entry No. 6), of his responsibility to serve the defendant with the summons and complaint within 120 days of March 3, 2011, in accordance with Rule 4(m), or this action would be dismissed, unless the time was extended by the Court upon a showing of good cause. The plaintiff was next notified of an issue with the effectiveness of his attempt to serve the Defendant when the Clerk denied his motion for entry of default (Docket Entry No. 9) on June 1, 2011. See Docket Entry No. 10.

By Order entered July 2, 2012 (Docket Entry No. 20), the Court noted that, although the plaintiff had sent letters to the Court, the case had lain dormant since September of 2011, and the Court directed the Defendant to file a notice indicating the government's position on whether the Defendant had been properly served or not. On July 3, 2012, the United States entered a special appearance in response to the Court's Order of July 2, 2012, and stated that, although the plaintiff served the Attorney General of the United States and the U.S. Department of Defense, see Docket Entry No. 9-2, the plaintiff had not served the United States Attorney for the Middle District of Tennessee as required by Rule 4(i) of the Federal Rules of Civil Procedure, and thus had not properly effected service on the Defendant. See Docket Entry No. 22. The United States asks for dismissal of the action under Rule 4(m) of the Federal Rules of Civil Procedure.

It is well settled that Federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendant be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time.

Rule 4(i) sets out specific requirements for serving the United States and its agencies with process in a civil action. In addition to sending a copy of the summons and complaint to the Attorney General of the United States and to the Department of Defense, as required by Rule 4(i)(1)(B) and

Rule 4(i)(2), the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought or to a designee appointed in writing or send a copy of the summons and complaint by registered or certified mail to the civil process clerk for the United States Attorney in the district in which the action is brought. See Rule 4(i)(1)(A)(i)-(ii).

The plaintiff failed to comply with the service requirement as to the United States Attorney for the Middle District of Tennessee where this action was brought. Although the Court recognizes that the plaintiff is proceeding pro se, he was alerted to the particularities of Rule 4(i) by the Court's Order entered July 2, 2012 (Docket Entry No. 20), and was specifically advised of the shortcoming of his attempt at service by the Notice filed by the United States on July 3, 2012. There is no record that the plaintiff has made any effort to cure this deficiency. Further, the record shows that the plaintiff has taken absolutely no action to prosecute his case in the seven months since the Court's Order entered July 2, 2012. Given the plaintiff's apparent lack of interest in the action and his failure to take all the steps necessary to serve the Defendant with process in the nearly two years since filing this action, the Court finds that dismissal of the action is warranted.[1]

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

---

[1] This Report and Recommendation provides notice to the plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4(m) and Rule 41(b), and the fourteen day period for filing objections provides the plaintiff with the opportunity to show why the action should not be dismissed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge